UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT ARONOV AND ALL CITY
INSURANCE SERVICES, INC.,

                Plaintiffs,

    -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
1:24-cv-2655-CBA-VMS

**AMON, United States District Judge:**

      Plaintiffs have moved to remand this case to state court. (ECF Docket Entry ("D.E.") # 12

("Pl. Mot.").) They argue that I should remand this case because: (1) I lack subject matter

jurisdiction over Plaintiffs' suit; (2) Defendant's removal notice was untimely; (3) Defendant's

removal notice was defective; and (4) Defendant intends to arbitrate this case. (Id. PageID ## 315-

18.[1]) For the reasons I describe below, I DENY Plaintiffs' motion to remand this case to state

court.

## BACKGROUND

      On February 13, 2024, Plaintiffs filed a complaint against Defendant in the Supreme Court

of the State of New York, Kings County. (D.E. # 1 Ex. 2.) The complaint alleges that after

Plaintiffs and Defendant entered a contract under which Plaintiffs would sell insurance provided

by Defendant, Defendant failed to uphold its contractual obligations and committed various torts

against Plaintiffs. (D.E. # 1 Ex. 1 ("Compl.") ¶¶ 266-71.)

      On April 9, 2024, Defendant filed a notice of removal to this Court. (D.E. # 1 ("Notice of

Removal").) On May 7, 2024, Defendant filed a motion to stay or dismiss Plaintiffs' complaint

---

[1] Plaintiffs have not paginated their motion, so I cite to PageID numbers when referring to specific portions of
Plaintiffs' motion.

and to compel arbitration. (D.E. # 11 ("Mot. to Compel Arb.").) On May 9, 2024, Plaintiffs filed a motion to remand this case to state court. (Pl. Mot.) Defendants filed an opposition to that motion. (D.E. # 13 ("Def. Opp.").) The Honorable Vera M. Scanlon, United States Magistrate Judge, who was then the judge presiding over this case,[2] stayed consideration of Defendant's motion to dismiss pending resolution of Plaintiffs' motion to remand.[3] (Text Order dated June 13, 2024.) On July 29, 2024, this case was assigned to me.

## DISCUSSION

"The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant." Ehrenreich v. Black, 994. F. Supp. 2d 284, 287 (E.D.N.Y. 2014) (internal citations omitted). Plaintiffs argue that there are four reasons that Defendant has not met its burden. First, Plaintiffs argue that Defendant cannot remove this case because it is a New York citizen depending solely on diversity jurisdiction. (Pl. Mot. PageID ## 315-16.) Second, Plaintiffs argue that Defendant's removal was untimely because "[t]he [30]-day window to remove . . . was triggered on February 14, 2024 when Plaintiffs served their summons and complaint on the New York State Department of Financial Services" and "mailed [the same] to Nationwide," and Defendant filed its notice of removal after that period elapsed. (Id. PageID # 316.) Third, Plaintiffs argue that Defendant's notice of removal was defective because it "failed to file a copy of its notice of removal with the Supreme Court, Kings County as required by 28 U.S.C. §[]1446(d)." (Id.

---

[2] Magistrate Judge Scanlon was initially assigned as the presiding judge as part of a pilot program in this Court. (D.E. # 4); see EDNY Administrative Order 2023-23.

[3] Magistrate Judge Scanlon was correct; Plaintiffs' motion to remand should be adjudicated first. Plaintiffs' motion partially rests on the argument that I lack jurisdiction to hear this case. (Pl. Mot. PageID # 316.) On the other hand, "[a] motion to compel arbitration is not an attack on the subject matter jurisdiction of [a federal court]." Am. E. Grp. LLC v. Livewire Ergogenics Inc., 432 F.Supp.3d 390, 400 (S.D.N.Y. 2020). Generally, when a federal court considers jurisdictional and non-jurisdictional issues, "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999) (internal citation omitted).

PageID # 317.) Fourth, Plaintiffs argue that because Defendant seeks to compel arbitration, its removal constitutes impermissible "legal maneuvering." (Id. PageID ## 314-15.)

Defendant responds that I may exercise either federal question or diversity jurisdiction over this case because it is not a New York citizen (Def. Opp. 3, 5, 14), that the 30-day period for removal never began because Plaintiffs never properly served Defendant (id. 5), that Defendant's notice of removal was sufficient because it complied with § 1446(d) by filing the notice in state court the day after filing it in this Court (id. 15-16), and that Plaintiffs' argument regarding Defendant's intent to compel arbitration is wholly unsupported by legal authority, (id.). I address each of Plaintiffs' arguments below.

## I.  I Have Subject Matter Jurisdiction Over This Case

An action "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiffs argue that Nationwide "should be considered an in-state defendant" and thus should not be able to remove a New York state action to New York federal court. (Pl. Mot. PageID # 316.)

Federal courts have diversity jurisdiction over actions in which (1) no plaintiff is a citizen of the same state as any defendant and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005). A natural person is a citizen of the state in which he is domiciled – that is, the place where he has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.

28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place where its "nerve center" is located, which "should normally be the place where the corporation maintains its headquarters." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010).

Plaintiffs are New York citizens. Per Plaintiffs' motion, Aronov lives in New York and All City Insurance Services is a New York corporation that has its principal place of business in New York. (Pl. Mot. PageID # 304.)

Defendant is an Ohio citizen. Defendant is incorporated in Ohio. (D.E. 1 Ex. 4). Defendant has its headquarters in Columbus, Ohio. See Charles v. Nationwide Mut. Ins. Co., No. 9-cv-94 (ARR) (CLP), 2010 WL 11627494, at *1 (E.D.N.Y. April 1, 2010) (confirming the same); Lawroski v. Nationwide Mut. Ins. Co., 981 F. Supp. 2d 704, 707 (S.D. Ohio 2013) (same). And there is no indication that this headquarters is "simply an office where the corporation holds its board meetings." Hertz, 559 U.S. at 93. Thus, Defendant's principal place of business is in Ohio. Other courts have reached the same conclusion. See Habli R, LLC v. Nationwide Mut. Ins. Co., No. 19-cv-662, 2019 WL 7373005, at *1 (W.D. La. Nov. 15, 2019) (identifying Defendant as an Ohio citizen); Adams v. Nationwide Mut. Ins. Co., No. 3:22-cv-313-MMH-JBT, 2022 WL 833676, at *1 (M.D. Fla. Mar. 21, 2022) (same).

Plaintiffs claim that Defendant "should be considered an in-state defendant" because "[t]here can be no dispute that [Defendant] is subject to New York's jurisdiction." (Pl. Mot. PageID # 316.) In making this argument, Plaintiffs erroneously conflate personal jurisdiction with citizenship. Section 1332(c)(1) does not deem a corporation a citizen of a state simply because that state's courts could exercise personal jurisdiction over the corporation. Defendant is neither headquartered nor incorporated in New York, so it is not a New York citizen. There is complete diversity between the parties.

As for the amount in controversy, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). Defendant calculates that Plaintiffs "seek at least $300,000 in damages" in total. (Notice of Removal 3.) In their motion to remand, Plaintiffs do not contest that the amount-in-controversy requirement is met. In fact, Plaintiffs clarify that they seek $20 million of damages on each of their sixteen counts, not including their requests for treble and punitive damages. (Pl. Mot. PageID # 313.) Plaintiffs clearly seek more than $75,000 in this action.

Because Plaintiffs and Defendant are citizens of different states and the amount-in-controversy requirement is met, there is diversity jurisdiction in this case. And because, as I have determined above, Defendant is not a New York citizen, the § 1441(b) bar on in-state removal does not apply.[4]

## II.    Defendant's Removal Was Timely

A defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The 30-day clock only starts upon "simultaneous service of the summons and complaint" or "receipt of the complaint . . . after and apart from service of the summons." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). That is, there must be some "formal service" before the 30-day removal period begins. Id.

---

[4] As an alternative path to this conclusion, I could have considered Defendant's argument that I have federal question jurisdiction over Plaintiffs' RICO claim and supplemental jurisdiction over their remaining claims. (Def. Opp. 14-15.) If I agreed with Defendant, the § 1441(b) removal bar would be irrelevant since it only applies to cases whose sole jurisdictional basis lies in diversity. But Plaintiffs have attempted to withdraw their RICO claim. (See Pl. Mot. PageID # 312-14.) Because I find that I have diversity jurisdiction over Plaintiffs' claims and that Defendant is not an in-state resident, I need not consider the alternative bases for jurisdiction.

5

Although a defendant generally bears the burden of establishing that removal is proper, the plaintiff bears the burden on the "more narrow question of whether service was effective." Vistra Trust Co. v. Stoffel, No. 08 Civ. 2844 (NRB), 2008 WL 5454126, at *6 (S.D.N.Y. Dec. 29, 2008); see Hudson Private LP v. Creative Wealth Media Fin. Corp., 629 F. Supp. 3d 237, 245 (S.D.N.Y. 2022). Plaintiffs must prove that they properly served Defendant under New York state law. Williams v. Connell, No. 12 Civ. 3593 (SLT) (VVP), 2017 WL 2829686, at *4 (E.D.N.Y. June 29, 2017) ("It is by now black-letter law that state law determines whether service is complete for the purposes of [removal]."); Fed Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 384 n.16 (S.D.N.Y. 2006) (noting that "proper service of process under state law is required to trigger a defendant's removal obligations"). Since Defendant filed its notice of removal on April 9, 2024 (Notice of Removal), Plaintiffs must prove that they properly served Defendant at least 30 days beforehand – on or before March 9, 2024.

The parties have submitted conflicting affidavits. Plaintiffs have provided an affidavit from Plaintiffs' counsel asserting that Plaintiffs served both Defendant and the New York State Department of Financial Services (NYSDFS) by mail on February 13, 2024. (Pl. Mot. Ex. 4.) Defendant has provided affidavits from employees in its Process Management department and at NYSDFS. (Def. Opp. Exs. B, C.) A manager in Defendant's Process Management department states that when Defendant receives a summons and complaint directly from a plaintiff or through NYSDFS, it is standard practice for the Process Management department to handle and log these documents. (Def. Opp. Ex. C.) In this case, the manager states that Nationwide "has not received service of process or summons" from Plaintiffs or NYSDFS. (Id.) Moreover, an NYSDFS employee states that after "a diligent search," NYSDFS has determined that it "does not possess"

any record of Plaintiffs serving process on NYSDFS, nor of NYSDFS forwarding process to Defendant. (Def. Opp. Ex. B.)

Courts often resolve conflicting affidavits on the propriety of service by holding an evidentiary hearing. See, e.g., Hudson, 629 F. Supp. 3d at 242 ("[C]ourts in this District order evidentiary hearings where needed to resolve conflicting affidavits regarding service of process."). But a hearing is not always necessary. See, e.g., Mermelstein v. Maki, 830 F. Supp. 180, 184 (S.D.N.Y. 1993) (Sotomayor, J.) ("A hearing is not required, however, if the facts may be established through affidavits and depositions addressed to the appropriate issues.") (internal citations omitted). For the following reasons, the parties' submissions suffice for me to find that Plaintiffs have not carried their burden of establishing proper service on or before March 9, 2024, either via direct mail or via mail to NYSDFS.

### A. Plaintiffs Did Not Properly Serve Defendant by Mail

Under New York law, a plaintiff may serve a defendant by "mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender." N.Y. C.P.L.R. § 312-a(a). An affidavit of service must affirm compliance with all of these requirements. See, e.g., Carney v. Metro. Transp. Auth., 221 A.D. 3d 447, 449 (N.Y. App. Div. 2023) ("[Plaintiff's] affidavit of service indicates that she did not send a statement of service by mail or an acknowledgment of receipt, as required by CPLR 312-a(a), to any defendant, and she does not argue that she ever sent these documents. Mailing the summons and complaint via first-class mail, standing alone, is insufficient to establish service . . . ."); Bennett v. Acosta, 68 A.D. 3d 910, 910 (N.Y. App. Div. 2009) ("The plaintiff submitted evidence that his second attempt

at service was by certified mail . . . . This proof was insufficient to establish that his second attempt satisfied the requirements of CPLR 312-a since there was no proof that the summons and complaint were sent to the defendant, by first-class mail, together with [the remaining required documents].").  Service is complete "on the date the signed acknowledgement of receipt is mailed or delivered [by the defendant] to the sender." N.Y. C.P.L.R. § 312-a(b).

Plaintiffs' counsel states that "[a] copy of [his] letter to the New York State Department of Financial Services and Plaintiffs' Summons and Complaint were simultaneously served on Nationwide Mutual Insurance Company at One Nationwide Plaza, 1 W. Nationwide Blvd., Columbus, Ohio," on February 13, 2024.[5]  (Pl. Mot. Ex. 4.)  But even taking Plaintiffs' counsel at his word, his affidavit does not affirm full compliance with § 312-a.  Plaintiffs' counsel does not claim that he mailed the summons and complaint via first class mail.  I will not imply that he did so from silence; when Plaintiffs' counsel serves a filing via first class mail, he says so.  Compare (Pl. Mot. Ex. 4) (making no reference as to the type of mail service) with (Pl. Mot. PageID # 415) (affirming that Plaintiffs' motion to remand was served "via first class mail").  Moreover, Plaintiffs' counsel attests that he sent the summons, complaint, and a copy of the NYSDFS letter to Defendant, but not that he sent the statement of service or acknowledgement of receipt forms, both of which § 312-a requires.

Because Plaintiffs' counsel's affidavit does not affirm that Plaintiffs' counsel followed three of § 312-a's requirements, that affidavit does not establish proper service.  Thus, I find that Plaintiffs did not properly serve Defendant by mail on or before March 9, 2024.

**B.  Plaintiff Did Not Properly Serve Defendant via NYSDFS**

---

[5] Plaintiffs' counsel does not explain why he sent Defendant a copy of his letter to NYSDFS.  This is not a required step for service upon a defendant by mail under § 312-a.

Under New York law, a plaintiff may serve certain insurance companies, including Defendant, by serving "the superintendent, any deputy superintendent or any salaried employee of [NYSDFS] whom the superintendent designates for such purpose" with two copies of the summons and complaint and paying 40 dollars to NYSDFS. N.Y. INS. §§ 1212(b), (c); see Greater New York Mut. Ins. Co. v. Kinsale Ins. Co., 226 A.D. 3d 408, 410 (N.Y. App. Div. 2024) ("[NYSDFS] acknowledged that plaintiff served the summons and complaint on it. Therefore, service was complete to establish personal jurisdiction . . . ."). The NYSDFS superintendent then forwards the summons and complaint to the defendant. N.Y. INS. § 1212(e). And the 30-day removal period begins when the defendant receives the documents from NYSDFS, not when NYSDFS receives the documents from the plaintiff. See Auguste v. Nationwide Mut. Ins. Co., 90 F. Supp. 2d 231, 232-33 (E.D.N.Y. 2000) ("[D]istrict courts in New York and elsewhere agree that service of process upon a defendant's statutory agent is not sufficient to trigger the 30-day removal period.").

Plaintiffs' counsel claims to have mailed the complaint and summons to NYSDFS on February 13, 2024. (Pl. Mot. Ex. 4.) But NYSDFS retains records of all process served upon the department over the last ten years. N.Y. INS. § 1213(f). And NYSDFS has certified that it "does not possess" a record of having received process from Plaintiffs in this case. (Def. Opp. Ex. B.) Plaintiffs' counsel's claim is thus contradicted by NYSDFS's records. Moreover, even if I fully credited Plaintiffs' counsel's affidavit, he does not assert that NYSDFS forwarded the summons and complaint to Defendant. Plaintiffs cannot demonstrate that Defendant received the summons and complaint from NYSDFS on or before March 9, 2024. Because the removal clock only starts to tick upon the defendant's receipt of these documents from the statutory agent, I find that Plaintiffs cannot demonstrate that they served Defendant via NYSDFS on or before March 9, 2024.

## III.    Defendant's Notice of Removal Was Not Defective

When a defendant removes a case to federal court, it must "[p]romptly" file a copy of its notice of removal "with the clerk of [the] State court" from which it is removing the case. 28 U.S.C. § 1446(d).  Plaintiffs claim that "[t]here can be no dispute that the defendant failed to file a copy of its notice for removal with the Supreme Court, Kings County as required by [§ 1446(d)]," rendering the removal notice "fatally flawed." (Pl. Mot. PageID # 317.)  That is simply wrong.  Defendant has provided an image of this action's state court docket showing a "Notice of Filing[:] Notice of Removal" filed on April 10, 2024.[6]  (Def. Opp. Ex. A.)  Plaintiffs claim that Defendant has "contend[ed] that it will one day, sometime in the undisclosed future, file the Notice of Removal with the [state court]."  (Pl. Mot. PageID # 317.)  That is also plainly wrong.  As the state court docket shows, Defendant has already filed that notice.  It did so one day after removing this case to federal court and weeks before Defendant filed the instant motion.  A one-day gap between filing a notice of removal in federal court and filing a copy in state court is "prompt" in the meaning of § 1446(d).  See In re Reliance Standard Life Ins. Co., 386 F. Supp. 3d 505, 507 n.8 (E.D. Pa. 2019) (collecting cases treating even a one-month gap as prompt).

## IV.    Defendant's Intent to Compel Arbitration Does Not Defeat Removal

After removing this case to federal court, Defendant filed a motion to compel arbitration. (Mot. to Compel Arb.)  Plaintiffs argue that I should not "countenance[]" this attempt by Defendant to "game the system," since "defense counsel's intent, . . . once this case is removed to the District Court," is to "abandon litigating this matter in this Court to arbitrate it somewhere else."  (Pl. Mot. PageID ## 314-15.)

---

[6] I have viewed the Kings County docket through the New York State Unified Court System website and have confirmed that the image Defendant provided accurately reflects the docket at the time that Plaintiffs filed their motion.

How deciding a motion to compel arbitration in federal court would "game the system" is unclear. Plaintiffs recognize that I am not specially endowed with the power to compel arbitration when they argue that if I remanded this case to state court, the state court would be equally well-positioned to decide such a motion. (Id. PageID # 315 ("[C]ouldn't the defendant have made this motion in State Court? It is respectfully submitted that the Supreme Court of the State of New York is as qualified to interpret state law as this Court.").) What Plaintiffs are describing is not a nefarious scheme; it is simply how concurrent jurisdiction works. State and federal courts have the power to enforce arbitration agreements. See, e.g., Badgerow v. Walters, 596 U.S. 1, 8 (2022) (recognizing state courts' "prominent role in arbitral enforcement" (internal quotations and citations omitted)); B&R Supermarket, Inc. v. Visa Inc., No. 17-cv-2738 (MKB), 2024 WL 3823096 (E.D.N.Y. Aug. 14, 2024) (exercising federal courts' jurisdiction to enforce an arbitration agreement). If a defendant complies with the strictures of the removal statute, that defendant may seek to enforce an arbitration agreement in federal court rather than state court. When Defendant timely removed a case over which I have subject matter jurisdiction, Defendant did exactly that. Therefore, I reject this argument.

## CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion to remand. Plaintiffs' request for costs is also denied. Per this Court's Individual Rule 3(D), the parties are directed to file a letter requesting a pre-motion conference prior to filing any further motions.

SO ORDERED.

Dated: January 22 , 2025
      Brooklyn, New York

                             Carol Bagley Amon
                             United States District Judge